# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

PROGRESSIVE ADVANCED INSURANCE )
COMPANY, )
           )
        Plaintiff, )
           )    Case No. 4:23-cv-00713-DGK
        v. )
           )
JEREMY WILLIAMS, JR., )
           )
        Defendant. )
           )
           )

## ORDER DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION

This is a declaratory judgment action over uninsured motorist coverage. Defendant Jeremy Williams, Jr. sustained serious injuries after an uninsured car he was riding in collided with another vehicle. After the accident, Defendant sought to recover the uninsured motorist coverage proceeds from his mother's automobile insurance policy (the "Policy") issued by Plaintiff Progressive Advanced Insurance Company. Plaintiff filed this case to determine whether there was coverage, and Defendant counterclaimed for breach of contract and vexatious refusal to pay.

The scheduling order here allowed the parties to conduct bifurcated discovery on their respective claims. ECF No. 16. The parties are first conducting discovery and motion practice on Plaintiff's declaratory judgment claim, and then, depending on how the Court rules on Plaintiff's motion for summary judgment, they may be conducting discovery and motion practice on Defendant's counterclaims. *See id.* at 1.

Now before the Court is Plaintiff's Motion for Summary Judgment. ECF No. 21. Plaintiff argues it is entitled to summary judgment on its declaratory judgment claim *and* Defendant's counterclaims. Among other reasons, Plaintiff argues that Defendant is not entitled to coverage

under the Policy because he was not residing at his mother's household at the time of the accident. ECF No. 22. Plaintiff does not separately argue why Defendant's claims fail as a matter of law.

Defendant opposes the motion, arguing that he is entitled to coverage because he resided with his mother at the time, the Policy language on that issue is ambiguous, and denying coverage on that issue would violate public policy. ECF No. 23. Defendant also argues in passing that denying Plaintiff's motion for summary judgment entitles him to relief, but Defendant does not separately move for summary judgment on his claims. *Id.*

Although both parties briefly argue they are entitled to summary judgment on *all* claims, the only fully briefed issue is whether Plaintiff is entitled to summary judgment on its claim. Plaintiff is entitled to that relief if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court makes this determination by viewing the facts in the light most favorable to Defendant and drawing all reasonable inferences in his favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

"In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, Defendant must substantiate his allegations with "sufficient probative evidence that would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

The central issue here is whether Defendant qualifies as a "relative" under the Policy. "Relative" is defined in relevant part as "a person residing in the same household as you, and related to you by blood . . . ." ECF No. 1-1 at 11. The two key, disputed terms here are "household" and "residing." At its highest level of generality, the Missouri Supreme Court has defined "household" as describing "a close relationship, varying in detail, where people live together as a family in a closely-knit group, usually because of a close relationship by blood, marriage or adoption and who deal with each other informally and not at arms length." *Cobb v. State Sec. Ins. Co.*, 576 S.W.2d 726, 738 (Mo. 1979). As for the term "residence", Missouri Courts have provided a general definition of it as a "person's physical location coupled with his intent to remain there for an indefinite period of time." *Am. Fam. Mut. Ins. Co. v. Auto. Club Inter-Ins. Exch.*, 757 S.W.2d 304, 306 (Mo. Ct. App. 1988). But Missouri Courts have also suggested that a person can reside "in more than one household." *Shelter Mut. Ins. Co. v. Hill*, 688 S.W.3d 638, 646–47 (Mo. Ct. App. 2024); *see also Pruitt v. Farmers Ins. Co.*, 950 S.W.2d 659, 663 (Mo. Ct. App. 1997).

The issue of whether Defendant resided at his mother's household at the time of the accident cannot be decided as a matter of law because doing so would require the Court to weigh conflicting, material evidence.[1] *See Leonetti's Frozen Foods, Inc.*, 887 F.3d at 442 (summary judgment court cannot weigh the evidence). For example, on the one hand, from seven months before the accident to the time of the accident, Defendant had a month-to-month lease on another apartment where he spent most nights with his girlfriend and child. Defendant and his girlfriend paid for that apartment and continued to have a lease on it until a few years after the accident. During this time, various police and medical records listed Defendant's apartment as his address.

---

[1] Since the Court finds that it cannot decide this issue as a matter of law, it does not address Defendant's alternative arguments for why summary judgment should be denied.

But on the other hand, during this same time period, Defendant also spent two to three nights a week in his room at his mother's house. Defendant contributed funds for various bills related to his mother's house, paid for his portion of the insurance premiums under the Policy, lived by his mother's rules while staying at her house, did chores there, and received his paychecks and other mail there. At the time of the accident, Defendant's driver's license address was his mother's house. And from the time of the accident until today, he has been on his mother's health insurance. Moreover, after being discharged from the hospital following the accident, Defendant went to his mother's house. His mother also took him to his follow-up medical appointments.

Viewing the facts in the light most favorable to Defendant and drawing all reasonable inferences in his favor, a jury could conclude that although Defendant had a temporary apartment with his girlfriend and child around the time of the accident, he still resided at his mother's household. *See Hill*, 688 S.W.3d at 649 (Mo. Ct. App. 2024) ("Though the stipulated facts are comprehensive, the ultimate factual determination required in this case – whether Daughter is, or is not, a resident of Father's household – is not stipulated to by the parties."). Thus, Plaintiff's Motion for Summary Judgment (ECF No. 21) is DENIED.[2]

And although both sides suggest they are entitled to summary judgment on Defendant's counterclaims, neither party has adequately briefed those issues. For example, neither side provides the elements of those claims and why they are entitled to judgment as a matter of law on the current record. This failure is understandable because the original scheduling order and discovery was only targeted towards Plaintiff's claim. But since that claim cannot be decided as a matter of law, the parties shall submit a proposed amended scheduling order for proceedings and motion practice, if necessary, on Defendant's counterclaims. The parties shall make that filing

---

[2] On the current record, if Defendant had cross moved for summary judgment on this same provision, the conflicting facts cited above would have precluded summary judgment in his favor. Simply put, a jury must decide this issue.

4

within fourteen (14) days of this Order.  The Court will enter a separate order directing the parties to participate in another mediation.

**IT IS SO ORDERED.**

Date: _March 3, 2025_                    _/s/ Greg Kays_____
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT