# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

PROGRESSIVE ADVANCED INSURANCE )
COMPANY, )
  )
    Plaintiff, )
  )  Case No. 4:23-cv-00713-DGK
v. )
  )
JEREMY WILLIAMS, JR., )
  )
    Defendant. )
  )

## ORDER DENYING DEFENDANT'S MOTIONS

This is a declaratory judgment action over uninsured motorist coverage. Defendant Jeremy Williams, Jr. sustained serious injuries after an uninsured car he was riding in collided with another vehicle. After the accident, Defendant sought to recover the uninsured motorist coverage proceeds from his mother's automobile insurance policy (the "Policy") issued by Plaintiff Progressive Advanced Insurance Company. Plaintiff filed this case to determine whether there was coverage, and Defendant counterclaimed for breach of contract and vexatious refusal to pay.

The scheduling order here allowed the parties to conduct bifurcated discovery on their respective claims. ECF No. 16. The scheduling order allowed the parties to first conduct discovery and motion practice on Plaintiff's declaratory judgment claim, and then, if the Court denied Plaintiff's motion for summary judgment, the parties would then proceed to discovery and motion practice on Defendant's counterclaims. *See id.* at 1.

On March 3, 2025, the Court denied Plaintiff's motion for summary judgment, finding that there was a triable issue of fact on whether Defendant was covered under the household resident provision in the Policy. ECF No. 27. The Court then entered an amended scheduling order for

the remainder of the case, including discovery on Defendant's claims and trial.  ECF No. 33.

Plaintiff timely moved under that scheduling order to amend its answer.  ECF No. 36.  Plaintiff sought to add the defense that it could offset or credit what Defendant had recovered from other parties against the recovery under the Policy.  *Id.*  The Court granted the motion because the amendment was within the amendment deadline under the scheduling order and because of the liberal amendment standard under Federal Rule of Civil Procedure 15(a)(2).

Now before the Court are: (1) Defendant's motion to strike the above affirmative defense, ECF No. 50; and (2) Defendant's motion to quash subpoenas served upon third parties seeking discovery related to that affirmative defense, ECF No. 48.  Plaintiff also notified the Court via email that Defendant has resisted discovery related to Plaintiff's affirmative defense, arguing that the defense should be stricken.

Since the two motions and discovery dispute all rise and fall on the issue of whether Plaintiff's affirmative defense should be stricken, the Court addresses that issue first.  Under Federal Rule of Civil Procedure 12(f), the Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  While the Court "enjoy[s] liberal discretion to strike pleadings under Rule 12(f)," the Eighth Circuit has repeatedly warned that "[s]triking a party's pleading, however, is an extreme and disfavored measure." *BJC Health Sys. V. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *see also Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021).  The Eighth Circuit has also observed that "this remedy is drastic and often is sought by the movant simply as a dilatory or harassing tactic."  *Donelson*, 999 F.3d at 1091–92 (internal quotations omitted).  In deciding whether to strike the challenged defense here, the Court must "review the pleadings in the light most favorable to" Plaintiff and only grant the motion to strike "where, as a matter of law, the

2

defense cannot succeed under any circumstances . . . or is immaterial in that it has no essential or important relationship to the claim for relief." *Armand v. Armand*, No. 4:24-CV-974 HEA, 2025 WL 776515, at *2 (E.D. Mo. Mar. 11, 2025) (internal quotation marks omitted).

Defendant falls well short of meeting this standard here. On the current record, he does not show that the credit or offset defense cannot succeed under any circumstances. Moreover, his argument that Plaintiff is raising this defense late in this litigation is counterfactual. Defendant makes it seem as if the parties have been litigating *Defendant's* claims for years. Not so. The parties chose to bifurcate discovery, so all the defenses that Plaintiff has against Defendant's claims were not being litigated until the Court denied summary judgment on *Plaintiff's* contract interpretation claim. In short, at this early stage, Defendant has not carried his heavy burden of striking the credit and offset defense, so his motion to strike (ECF No. 50) is DENIED.

If the facts and the law support the argument after discovery, then Defendant may raise these arguments again at summary judgment. *See Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991) ("Motions to strike are generally disfavored because they are often interposed to create a delay . . . . If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment.").[1]

That brings the Court to the discovery issues. The only real basis in the motion to quash is that the Court should quash the subpoenas because the defense will be stricken, making the discovery irrelevant. But since the Court denied the motion to strike and is allowing this defense

---

[1] Defendant's motion to strike falls so far short of satisfying the standard that it appears the motion may have been a delay or harassment tactic. *See Donelson*, 999 F.3d at 1091–92. This behavior cuts against any future requests by Defendant to amend his counterclaim complaint or extend discovery. Defendant should have reviewed the caselaw, realized a motion to strike was not viable on this record, proceeded with discovery on the issue, sought to amend his complaint if necessary, and raised the issue—if at all—at summary judgment. *See Van Schouwen*, 782 F. Supp. at 1245. Instead, Defendant burdened Plaintiff and the Court with borderline frivolous motions to strike and quash.

3

to proceed for now, that means the proposed discovery regarding this issue is necessarily relevant. Thus, Defendant's motion to quash (ECF No. 48) is DENIED WITHOUT PREJUDICE.

With these rulings in mind, the Court encourages the parties to work together to facilitate discovery into this issue. That may mean that Defendant can produce the required discovery without burdening the third parties to the extent Defendant possesses the same information as the third parties. But the Court leaves it to the parties to determine the best path forward. The Court warns, however, that it does not expect the parties to bring this issue to the Court again. The parties shall work together to resolve any lingering disputes.

**IT IS SO ORDERED.**

Date: August 19, 2025  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

4

Case 4:23-cv-00713-DGK    Document 60    Filed 08/19/25    Page 4 of 4